IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JOHN THURLOW MOSBY, | CV 22-180-M-DLC-KLD |
| Plaintiff, | |
| vs. | ORDER |
| MARK LYNN MCCARTHY, | |
| Defendant. | |

Plaintiff John Thurlow Mosby, a state prisoner proceeding without counsel, filed a Complaint alleging the Defendant, a dentist at the Montana State Prison, violated his constitutional rights in the course of providing dental services. (Doc. 2.) The Complaint fails to state a claim for federal relief under 42 U.S.C. § 1983 and will be dismissed.

**I.     Motion to Proceed in Forma Pauperis**

Mr. Mosby has filed a motion to proceed in forma pauperis which the Court finds sufficient to make the requisite showing. *See* 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Mr. Mosby must pay the statutory $350.00 filing fee. 28 U.S.C. § 1915(b)(1). Mr. Mosby has insufficient funds to pay an initial partial filing fee but

1

will be required to make monthly payments of 20 percent of the preceding month's income credited to his institutional account. The percentage is set by statute and cannot be altered. *See* 28 U.S.C. § 1915(b)(2). By separate order, the agency having custody of Mr. Mosby will be directed to forward payments from Mr. Mosby's account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. Screening Standards

Mr. Mosby is a prisoner proceeding in forma pauperis so the Court must review his Complaint. *See* 28 U.S.C. § 1915 and § 1915A. These provisions require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* Sections 1915A(b) and 1915(e)(2)(B).

Rule 8 Fed. R. Civ. P. requires a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief"[1] and must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.*

---

[1] Fed. R. Civ. P. 8(a)(2).

*Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). The allegations must cross "the line from conceivable to plausible." *Id.* at 680.

Pro se filings are "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice"). A "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.*

### III. Analysis

Mr. Mosby is currently incarcerated at Montana State Prison ("MSP"). MSP dentist Mark Lynn McCarthy ("Dr. McCarthy") is named as the sole defendant. (Doc. 2 at 2.) Mosby alleges medical malpractice, cruel and unusual punishment, and negligence. (*Id*. at 3.) Mr. Mosby asserts that on February 10, 2021, Dr. McCarthy pulled one of his teeth and in the process broke his jaw and three additional teeth. (*Id*. at 5.) He states he still experiences pain from the incident and no additional treatment has been provided. (*Id*.)

In his Complaint, Mr. Mosby states that he has not filed any other lawsuits dealing with the same facts involved in this action. (*Id*. at 9.) Mr. Mosby's representation, however, is not accurate. On September 21, 2022, Mr. Mosby filed a complaint against Warden Jim Salmonsen and Dr. McCarthy alleging cruel and unusual punishment, deliberate indifference, medical malpractice, and negligence, based upon the same facts set forth in the instant complaint. *See Mosby v.*

*Salmonsen et al.*, Cause No. CV-22-77-H-SEH, Comp. (filed Sept. 21, 2022). The complaint was filed in the Helena Division of this Court.

On November 3, 2022, Judge Haddon dismissed Mr. Mosby's complaint. Mr. Mosby was advised that medical malpractice is not a proper ground for a § 1983 claim. *See Mosby v. Salmonsen et al.*, Cause No. CV-22-77-H-SEH, Or. at 4 (D. Mont. Nov. 3, 2022). Further, Judge Haddon found that Mr. Mosby's allegations and the documents attached to his Complaint failed to plausibly allege that Dr. McCarthy was deliberately indifferent to his serious medical needs. (*Id.*)

A § 1983 claim cannot sound merely in negligence or substandard medical care. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Toguchi v. Chung*, 391 F. 3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights.") "Deliberate indifference," on the other hand, "is a high legal standard," and claims of medical malpractice, negligence or a difference of opinion concerning the course of treatment are insufficient to establish a constitutional deprivation. *Toguchi*, 391 F. 3d at 1060.

This Court agrees with Judge Haddon's previous finding that Mr. Mosby failed to show Dr. McCarthy was deliberately indifferent to his medical needs. Further, a review of the exhibits attached to the instant complaint reveals that since February of 2021, Mr. Mosby has consistently and repeatedly received dental care

and review of his condition by, not only Dr. McCarthy, but also other members of the MSP dental staff, including Dr. Hash. See generally, (Doc. 2-1.) Mr. Mosby has not provided any specific factual allegations that Dr. McCarthy acted with deliberate indifference to his situation by "knowing of and disregarding an excessive risk to his health and safety." *Farmer*, 511 U.S. at 837. Moreover, Mr. Mosby cannot overcome the dismissal of his prior lawsuit simply by filing the same claims in a separate division. Mr. Mosby has again failed to state an Eighth Amendment medical indifference claim.

28 U.S.C. §§ 1915 and 1915A require the dismissal of a complaint that fails to state a claim upon which relief may be granted but do not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)). In the instant case leave to amend would be futile. Accordingly, Mr. Mosby's claims are dismissed without leave to amend.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. Mr. Mosby's Motion to Proceed in Forma Pauperis (Doc. 1) is GRANTED.

2. This matter is DISMISSED for failure to state a federal claim. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court is directed to have the docket reflect that the Court certifies that any appeal of this decision would not be taken in good faith.[2]

4. Filing of this action counts as one strike against Mosby under 28 U.S.C. § 1915(e)(2)(B)(ii).

DATED this 10th day of November, 2022.

>  /s/ Dana L. Christensen
>  Dana L. Christensen
>  United States District Court Judge

---

[2] *See* Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure